UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELISSA PARMENTER**, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**ROMOLO CHOCOLATES, INC.** and **ANTHONY STEFANELLI**,<br><br>Defendants. | Civil Case No.: 1:22-cv-233 |

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Melissa Parmenter, individually and on behalf of all others similarly situated, by and through her attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendants Romolo Chocolates, Inc. and Anthony Stefanelli (collectively "Defendants"), alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. Plaintiff brings this action for herself and all other similarly situated collective members to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Plaintiff also brings this action for herself and on behalf of all other similarly situated Rule 23 class members to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §

333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*

3. Defendant Romolo Chocolates, Inc. is "a chocolate shop, a gift shop, and a café"[1] and "annually serve[s] 465,700 packages of confections, 27,600 pastries, [and] 105,500 scoops of ice cream."[2]

4. Defendant Anthony Stefanelli ("Stefanelli") is the founder and president of Romolo Chocolates, Inc.

5. Plaintiff and the putative FLSA collective and Rule 23 class members are hourly-paid workers subject to Defendants' unlawful common policies and practices involving the failure to pay the workers for all hours worked.

6. Defendants, through their unlawful policies and practices, has violated the FLSA, PMWA, and WPCL with respect to Plaintiff and the other collective and class members in the following three ways:

> a. Failing to pay hourly-paid employees for time working before their scheduled shifts, including time spent attending daily morning meetings;
>
> b. Failing to pay hourly-paid employees for time worked after the end of their scheduled shifts; and
>
> c. Failing to pay hourly-paid employees for time worked during their scheduled shifts, including paying for less time than actually worked when hourly-paid workers clocked-in after the start of their scheduled shifts.

7. Plaintiff and the putative FLSA collective and Rule 23 class members regularly worked in excess of forty (40) hours per week, but were not paid for all hours worked in excess of forty (40) hours per week.

---

[1] *See* Defendant Romolo Chocolates, Inc.'s website: https://romolochocolates.com/about/our-store/ (last accessed July 8, 2022)
[2] *See* Defendant Romolo Chocolates, Inc.'s website: https://romolochocolates.com/about/history/ (last accessed July 8, 2022).

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

8. Defendants implemented a company-wide policy requiring hourly-paid employees to attend daily morning meetings.

9. Defendants did not compensate hourly-paid employees for the time spent at the daily morning meetings.

10. Defendants' hourly-paid employees were not paid for morning meetings even when they were clocked-in before the meetings took place.

11. Defendants' hourly-paid employees were not paid for all time worked after the end of their scheduled shifts, even when they remained clocked-in after the end of their scheduled shifts.

12. Defendants failed to pay hourly-paid employees for all time worked during their scheduled shifts by deducting six minutes of pay if the employee clocks in late regardless of whether they were working for any portion of that time.

13. Defendants violated their statutory and contractual obligations by failing to hourly-paid employees for all hours worked including straight time and overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

14. Plaintiff asserts the FLSA claims individually and on behalf of a putative FLSA collective, defined as:

> *All hourly-paid employees of Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

15. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid workers of Defendants informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms.

16. Plaintiff asserts the PMWA and WPCL claims individually and on behalf of a

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid employees of Defendants in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

17. Defendants have willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

18. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

19. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

20. The Court has personal jurisdiction over Defendants because they engaged in systematic and continuous contacts with the Commonwealth of Pennsylvania by, *inter alia*, employing individuals to work out of Pennsylvania, including Plaintiff, and Plaintiff's claims arise out of those contacts.

21. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of this judicial district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

22. Defendant Romolo Chocolates, Inc. is a for profit entity created and existing under and by virtue of the laws of the Commonwealth of Pennsylvania.

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

23. Defendant Romolo Chocolates, Inc. maintains its headquarters at 1525 West 8th Street, Erie, Pennsylvania 16505.

24. Defendant Stefanelli is a resident of the County of Erie and Commonwealth of Pennsylvania.

25. Defendant Stefanelli has exercised day-to-day, operational control of the operations of Romolo Chocolates, Inc.

26. Plaintiff Melissa Parmenter ("Parmenter") is a resident of the County of Erie and Commonwealth of Pennsylvania.

27. Parmenter was employed by Defendants as an hourly-paid production worker from approximately September 2021 through May 2022.

28. The position of production worker has been classified at all times material to this Complaint as non-exempt.

29. Parmenter's hourly rate was $16 when she was separated from the company.

30. Parmenter's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

31. Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

32. Defendants have generated over $500,000 in revenue per year.

33. Defendants have had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

34. Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

35. Defendants were the "employer" of hourly-paid employees within the meaning of 29 U.S.C. § 203(d) of the FLSA and 43 P.S. § 333.103(g) of the PMWA and 43 P.S. § 260.2a. of the WPCL.

36. Hourly-paid employees were/are "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and 43 P.S. § 333.103(h) of the PMWA.

37. Defendants "suffered or permitted" hourly-paid employees to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) of the FLSA and 43 P.S. § 333.103(f) of the PMWA.

38. Defendants, directly or indirectly, hired hourly-paid employees and determined the rate and method of the payment of their wages.

39. Defendants controlled the work schedules, duties, protocols, applications, assignments and work conditions of hourly-paid employees.

40. Hourly-paid employees performed primary job duties that do not fall within any exemptions from overtime under the FLSA and PMWA.

41. An implied-in-fact agreement existed between Defendants and hourly-paid employees that they were to be compensated for all hours worked during their employment with Defendants.

42. Defendants required hourly-paid employees to regularly work more than forty (40) hours per week.

43. Plaintiff regularly worked five and occasionally more than five shifts per week.

44. Plaintiff regularly worked more than forty (40) hours per week.

45. By way of example, during the week of March 14, 2022, Plaintiff worked 45.9 hours on the clock, and spent additional uncompensated time working before, during, and after

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

her scheduled shifts.

46. Hourly-paid employees regularly worked in excess of forty (40) hours per week, but were not paid for all hours worked in excess of forty (40) hours per week.

47. Defendants implemented a company-wide policy requiring hourly-paid employees to attend daily morning meetings and did not compensate hourly-paid employees for this time.

48. Hourly-paid employees were not paid for morning meetings even when they were clocked-in before the meetings took place.

49. Hourly-paid employees were not paid for all time worked passed the end of their scheduled shifts, even when they remained clocked-in after the end of their scheduled shifts.

50. Defendants failed to pay hourly-paid employees for all time worked during their scheduled shifts by deducting six minutes of pay if the employee clocks in late regardless of whether they were working for any portion of that time.

51. For example, there were instances in which Plaintiff clocked in approximately one or two minutes after her scheduled shift and started working, but Defendants deducted approximately six minutes from her pay as a penalty, thus depriving her of pay for approximately four or five minutes of time actually worked.

52. Plaintiff complained to management about being shorted pay for work performed before, during, and after her scheduled shifts.

53. Despite the complaint to management about being shorted pay, Defendants failed to compensate Plaintiff for all hours worked.

54. Defendants failed to compensate hourly-paid employees for all hours worked.

55. Defendants violated their statutory and contractual obligations by failing pay

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

hourly-paid employees for all hours worked including straight time and overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

56. Hourly-paid employees were subjected to the common unlawful policies and practices of Defendants as stated herein that violated the FLSA, PMWA and WPCL.

57. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

58. Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

59. Plaintiff re-alleges and incorporates all previous paragraphs herein.

60. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid workers who have been affected by Defendants' common unlawful policies and practices which include failing to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

61. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid employees of Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

8

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

62. As a result of the Defendants' illegal policies, there were many weeks in which Defendants failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

63. Plaintiff brings this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

64. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

65. Plaintiff seeks to send Notice to the hourly-paid workers of Defendants informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

66. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

67. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

68. Plaintiff and the putative FLSA collective members demand a trial by jury.

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

## **RULE 23 CLASS ACTION ALLEGATIONS**

69. Plaintiff re-alleges and incorporates all previous paragraphs herein.

70. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all hourly-paid workers who have been affected by Defendants' common unlawful policies and practices which include failing to pay straight time and overtime compensation, in violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PMWA") and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.* ("WPCL").

71. Plaintiff brings this Rule 23 class action on behalf of:

> *All hourly-paid employees of Defendants in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

72. Plaintiff brings this Rule 23 class action against Defendants to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the PMWA and WPCL.

73. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the Commonwealth of Pennsylvania. The Rule 23 class members should be easy to identify from Defendants' payroll and personnel records.

74. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

75. Plaintiff's claims are typical of those of the Rule 23 class members in that

10

they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay straight time and overtime wages. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

76. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

77. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

78. Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

79. Plaintiff and the Rule 23 class members demand a trial by jury.

### COUNT I
### (Individual and 29 U.S.C. § 216(b) Collective Action Claims)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### Failure to Pay Overtime Wages

80. Plaintiff re-alleges and incorporates all previous paragraphs herein.

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

81. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

82. Plaintiff and the FLSA collective members worked over forty (40) hours a week for Defendants in many workweeks.

83. Defendants failed to pay Plaintiff and the FLSA collective members for all time worked in excess of forty (40) hours in a workweek, including time worked before, during, and after scheduled shifts.

84. Plaintiff and the FLSA collective members were regularly not compensated for morning meetings and other work performed before, during, and after their scheduled shifts.

85. Defendants failed to compensate Plaintiff and the FLSA collective members for all hours worked.

86. Plaintiff and the FLSA collective members performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

87. Defendants failed to pay Plaintiff and the FLSA collective members overtime compensation at a rate not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) per week.

88. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

89. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

90.     As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(Individual and Fed R. Civ. P. 23 Class Action Claims)**
**Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq*.**
**Failure to Pay Overtime Wages**

91.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

92.     Plaintiff and the Rule 23 class members worked over forty (40) hours a week for Defendants in many workweeks.

93.     Defendants failed to pay Plaintiff and the Rule 23 class members for all time worked in excess of forty (40) hours in a workweek, including time worked before, during, and after scheduled shifts.

94.     Plaintiff and the Rule 23 class members were regularly not compensated for morning meetings and other work performed before, during, and after their scheduled shifts.

95.     Defendants failed to compensate Plaintiff and the Rule 23 class members for all hours worked.

96.     Plaintiff and the Rule 23 class members performed primary job duties that do not fall within any exemptions from overtime under the PMWA.

97.     Defendants failed to pay Plaintiff and the Rule 23 class members overtime compensation at a rate not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) per week.

98.     Defendants' conduct and practices, described herein, were willful, intentional,

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

unreasonable, arbitrary, and in bad faith.

99. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to PMWA.

## COUNT III
### (Individual and Fed R. Civ. P. 23 Class Action Claims)
### Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*
### Failure to Pay Wages

100. Plaintiff re-alleges and incorporates all previous paragraphs herein.

101. Defendants failed to pay Plaintiff and the Rule 23 class members for all time worked.

102. Plaintiff and the Rule 23 class members were regularly not compensated for morning meetings and other work performed before, during, and after their scheduled shifts.

103. Defendants failed to compensate Plaintiff and the Rule 23 class members for all hours worked.

104. An implied-in-fact agreement existed between Defendants and Plaintiff and the Rule 23 class members that they were to be compensated for all hours worked during their employment with Defendants.

105. Defendants failed to pay Plaintiff and the Rule 23 class members for all hours worked including straight time and overtime compensation.

106. Defendants violated its statutory and contractual obligations by failing to pay Plaintiff and the Rule 23 class members for all hours she worked for Defendant.

107. Defendants' conduct and practices, described herein, were willful, intentional,

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

unreasonable, arbitrary, and in bad faith.

108.   As a result of Defendants' conduct described above, Plaintiff and the Rule 23 class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to WPCL.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants:

(A)   A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)   A declaratory judgment that Defendants' wage practices alleged herein violate the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*;

(C)   An Order for injunctive relief ordering Defendants to comply with the FLSA, PMWA and WPCL, and end all of the illegal wage practices alleged herein;

(D)   Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)   Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the PMWA and WPCL claims set forth herein;

(F)   Ordering Defendants to disclose in computer format, or in print if no computer readable

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H) Designating Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I) Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J) Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K) Judgment for damages for all unpaid overtime wages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.*;

(L) Judgment for damages for all unpaid wages, liquidated damages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*;

(M) An incentive award for the Plaintiff for serving as representative of the FLSA collective

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72

and Rule 23 class in this action;

(N) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, PMWA and WPCL;

(O) Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(P) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: July 20, 2022                **BROWN, LLC**

By: /s Jason T. Brown
Jason T. Brown (PA Bar I.D. # 79369)
111 Town Square Place, Suite 400
Jersey City, New Jersey 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com

*Attorneys for Plaintiff*

Doc ID: ff8d77bf27b2fff959c18a427a55cc69587dcc72