IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA PARMENTER, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ROMOLO CHOCOLATES, INC. and ANTHONY STEFANELLI,<br><br>Defendants. | Case No. 1:22-cv-233<br><br>Judge SUSAN PARADISE BAXTER |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

Plaintiff Melissa Parmenter's ("Plaintiff") and Defendants Romolo Chocolates, Inc.'s and Anthony Stefanelli's (collectively "Defendants") Joint Motion for Final Approval of Class Action Settlement (the "Final Approval Motion") was heard by this Court on December 18, 2023 at 1:30 pm. The Court, having considered the Stipulation of Settlement, Final Approval Motion, supporting papers, and the parties' evidence and argument, and good cause appearing, hereby grants final approval of the Settlement and enters final judgment. Capitalized terms in this Final Approval Order shall have the definitions set forth in the Stipulation of Settlement.

IT IS HEREBY ORDERED:

1. Pursuant to this Court's Preliminary Approval Order, the Class Notice was mailed to each Settlement Class Member. The Class Notice informed Settlement Class Members of the terms of the Settlement, their right to be excluded from the Settlement and pursue their own remedies, their right to object to the Settlement, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding approval of the Settlement. The Court finds that Settlement Class Members were afforded adequate time for each of these procedures.

2.     The Court finds and determines that this notice procedure afforded adequate protections to Settlement Class Members. The Court further finds and determines that the Class Notice and the notice procedures were the best notice practicable and satisfied the requirements of the law and due process. Accordingly, Settlement Class Member responses to the Class Notice provide the basis for the Court to make an informed decision regarding approval of the Settlement.

3.     No Settlement Class Member filed written objections to the proposed Settlement as part of this notice process or stated an intent to appear and object at the Final Approval Hearing.

4.     The Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to Settlement Class Members, that Participating Class Members will be bound by the Settlement, that the Settlement is finally approved, and that all terms and provisions of the Settlement should, and hereby are ordered to, be consummated.

5.     The Court finds and determines that the Settlement Payments to be paid to Participating Class Members are fair and reasonable. The Court hereby orders that payment of those amounts be made to Participating Class Members out of the Net Settlement Amount in accordance with the terms of the Stipulation of Settlement.

6.     The Court hereby grants final approval of Attorneys' Fees and Lawsuit Costs to Class Counsel in the total amount of $93,333.33 in attorneys' fees, and $2,412.96 in litigation expenses to be paid out of the Gross Settlement Amount in accordance with the Stipulation of Settlement.

7.     The Court hereby grants final approval of Claims Administrator fees and costs in the amount of $7,500.00, to be paid out of the Gross Settlement Amount.

8.     The Court hereby grants final approval of a Service Payment to Plaintiff Melissa Parmenter in the amount of $2,500, to be paid out of the Gross Settlement Amount.

9. As of the Effective Date of the Stipulation of Settlement, Collective Members who have submitted timely, valid, Consent to Join Forms discharge and fully release Defendants from all Claims arising under the Fair Labor Standards Act that have been brought in the Action or that could have been brought in the Action concerning or related to wages or hours, arising at any time through the Effective Date, as more fully set forth in the Stipulation of Settlement.

10. Additionally, as of the Effective Date, Class Members who have not opted out discharge and fully release Defendants from all Claims, other than those arising under the Fair Labor Standards Act, that have been brought in the Action, or that could have been brought in the Action concerning or relating to wages or hours, arising at any time through the Effective Date, as more fully set forth in the Stipulation of Settlement.

11. Without affecting the finality of this Final Approval Order in any way, the terms of the Stipulation of Settlement are incorporated herein by reference and the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Final Approval Order and the Settlement.

12. The Parties are hereby ordered to comply with the terms of the Stipulation of Settlement.

13. The Parties are directed to file a Joint Stipulation of Dismissal on or before February 20, 2024. Should said Stipulation not be filed by that date, the Parties, through counsel, shall file a written status report updating the Court on the progress made toward effectuating the settlement.

Dated: December 20, 2023

Susan Paradise Baxter
United States District Judge